United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DE JESUS LUPERCIO LIMON,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-06492 (EJD)<br>**ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 4, 13 |

Petitioner Jose de Jesus Lupercio Limon is a lawful permanent resident who is currently detained at the Golden State Annex Detention Facility pending the outcome of his removal proceedings. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his mandatory detention under 8 U.S.C. § 1226(c)(1)(A) has become unlawful based on factual and legal developments which he claims have eliminated the conditions justifying his detention. For the reasons that follow, the Court dismisses the First Amended Petition for Writ of Habeas Corpus without prejudice and denies Petitioner's Application for a Temporary Restraining Order as moot.

## I. BACKGROUND

Petitioner is a citizen of Mexico who became a lawful permanent resident of the United States in 1990. Dkt. No. 13 at 1; Dkt. No. 9-1 at 2. Over the last thirty-six years he has built a life here. His wife, children, and grandchildren all live in the United States. Dkt. No. 13 at 2–3; Dkt. No. 13-4 at 1–2. And he serves as the primary caretaker for his wife, who has serious medical issues. *Id*. at 2.

In May 2026 Petitioner traveled to Mexico and applied for admission into the United States upon his return at the Fresno Yosemite International Airport. Dkt. No. 13 at 1–2. While at

the airport, Petitioner was referred to Passport Secondary Control where he was inspected by the Department of Homeland Security Customs and Border Patrol ("CBP"). *Id*. at 2. Upon inspection, the CBP officer discovered a potential basis for inadmissibility. *Id*. Specifically, in 2016 Petitioner was convicted of five felony counts for perjury under Cal. Penal Code § 118 and nine misdemeanor counts for forgery under Cal. Penal Code § 470(a). Dkt. No. 9-2 at 9. DHS charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I) based on these prior criminal convictions and detained him. Dkt. No. 9-1 at 4.

Following his arrest by DHS and placement in removal proceedings, on June 17, 2026 Petitioner filed a "Motion to Vacate Conviction under Cal. Penal Code § 1473.7(a)(1)" with the California Superior Court. *See* Dkt. No. 13-1. Section 473.7(a)(1) allows the Superior Court to vacate prior convictions which are "legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere." Cal. Penal Code §1473.7(a)(1). The motion was granted on July 31, 2026 and his prior convictions were vacated. *See* Dkt. No. 13-2. Based on the record before the Court, it does not appear that Petitioner has sought relief in Immigration Court based on this vacatur.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents argue that the petition should be denied because Petitioner is detained under 8 U.S.C. § 1226(c)(1)(A), and that the question of whether he is properly detained pursuant to that statute should be raised in a *Matter of Joseph* hearing in the first instance. Dkt. No. 15 at 2–3. Petitioner contends (1) that § 1226(c)(1)(A) cannot serve as a continued basis for his detention because the criminal offense triggering that statute was vacated on July 31, 2026; and (2) that, regardless of the applicable detention authority, due process still requires his release. Dkt. No. 13 at 4–8. The Court agrees with Respondents, and finds that the proper forum to determine the applicability of § 1226(c)(1)(A) is a *Joseph* hearing. As to Petitioner's due process claim, the Court cannot find on this record that Petitioner is entitled to release.

### A. Applicability of 8 U.S.C. § 1226(c)(1)(A) and Exhaustion of Administrative Remedies

Section 1226 governs the detention of noncitizens pending the outcome of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). At issue here is the applicability of § 1226(c)(1)(A), which requires detention of noncitizens who have been charged as inadmissible or deportable based on specified criminal categories and generally does not permit release on bond. *Id.* at 289; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Any detainee "who believes that he is not covered by § 1226(c) may ... ask for what is known as a 'Joseph hearing'" from the immigration court. *Jennings*, 583 U.S. at 289 n.1 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). At such a hearing, the detainee may avoid mandatory detention by demonstrating that he was not convicted of a qualifying predicate offense or that the Government is otherwise substantially unlikely to establish that he is subject to mandatory detention. *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

Here, Petitioner contends that the convictions identified in the existing removal charge on his Notice to Appear no longer provide a valid predicate for mandatory detention because they were vacated on July 31, 2026. Dkt. No. 13 at 5. Under Ninth Circuit precedent, however,

"[w]here a person has been ordered removed from the country, state court vacaturs can *sometimes* vitiate the grounds for removal." *Bent v. Garland*, 115 F.4th 934, 940 (9th Cir. 2024) (emphasis added). As explained by the Ninth Circuit:

> If a state court vacates a conviction on account of a 'procedural or substantive defect,' that conviction is 'not a conviction for immigration purposes.' By contrast, if a state court vacates a conviction 'solely for rehabilitative reasons or reasons related to [the petitioner's] immigration status,' that conviction remains valid for immigration purposes.

*Id.* (quoting *Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1178 (9th Cir. 2022) (internal citations omitted). Petitioner acknowledges this nuance in the petition, arguing that his conviction was vacated based on a procedural or substantive defect. Dkt. No. 13 at 4–5.

Though this argument is compelling, the question of whether Petitioner's vacated criminal conviction renders § 1226(c) inapplicable should be decided by the Immigration Court in the first instance. Indeed, in the cases which Petitioner relies on the detainee had attempted to seek relief in the Immigration Court by challenging the continued application of § 1226(c) prior to seeking habeas relief. *Aguilar v. Andrews*, No. 1:26-CV-03028-DAD-JDP, 2026 WL 1469800, at *2 (E.D. Cal. May 26, 2026), *report and recommendation adopted sub nom. Rivera Aguilar v. Andrews*, No. 1:26-CV-03028-DAD-JDP (HC), 2026 WL 1661345 (E.D. Cal. June 9, 2026) (finding § 1226(c) inapplicable where petitioner was previously denied bond by an immigration judge pursuant to § 1225(b)); *Haji S. v. Barr*, No. CV 18-3493 (PAM/LIB), 2019 WL 3238354, at *1 (D. Minn. July 18, 2019) (granting relief from mandatory detention where two bond hearings had already been held before an immigration judge); *Vrej S.G. v. Chestnut*, No. 1:26-CV-04428-MWJS, 2026 WL 2049816, at *5–7 (E.D. Cal. July 15, 2026) (granting habeas relief after an Immigration Judge determined that Petitioner was not removable based on vacatur of conviction, but DHS continued to detain him). Based on the record before the Court, Petitioner has not sought such relief in Immigration Court yet. Accordingly, the Court will not opine on the applicability of § 1226(c) until Petitioner seeks to resolve that question in Immigration Court. *See Angel J.G. v. Andrews*, No. 1:36-CV-06005-RLP, 2026 WL 2410709, at *3 (E.D. Cal. Aug. 18, 2026) (ordering

*Joseph* hearing to determine applicability of §1226(c) where one of the convictions triggering that statute had been vacated).

**B. Due Process**

That, however, does not end the inquiry. Even assuming that Petitioner is properly detained under § 1226(c), he argues that due process still requires his immediate release because the Government was required to provide Petitioner with a pre-deprivation hearing before his arrest. Dkt. No. 13 at 5–8. Given the record here, the Court disagrees.

Several courts in the Ninth Circuit have found that prolonged detention of a lawful permanent resident without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates due process. *See Diep v. Wofford*, No. 1:24-CV-01238-SKO (HC), 2025 WL 604744, at *4–5 (E.D. Cal. Feb. 25, 2025) (finding that the lawful permanent resident petitioner's thirteen-month detention pursuant to § 1226(c) violated due process and ordering a bond hearing before an immigration judge); *see also Scott v. Wamsley*, No. 2:25-CV-01819-TMC, 2025 WL 3514304, at *8–9 (W.D. Wash. Dec. 8, 2025) (twenty-month detention of lawful permanent resident petitioner pursuant to § 1226(c) violated due process); *Singh v. Albarran*, No. 1:26-CV-00940-DC-DMC (HC), 2026 WL 392169, at *3–4 (E.D. Cal. Feb. 12, 2026) (twelve-month detention of a lawful permanent resident petitioner pursuant to § 1226(c) violated due process). These courts, however, found the appropriate remedy was a bond hearing, not immediate release. In other words, the Government may detain a legal permanent resident without pre-deprivation process where his detention is controlled by § 1226(c). *See Singh*, 2026 WL 392169, *3 n. 2 ("Petitioner is detained under § 1226(c)—not § 1226(a)—and thus, the government was not required to provide him with a pre-deprivation bond hearing before detaining him"); *Zamarripa v. Wofford*, No. 1:26-CV-01338-JLT-SKO, 2026 WL 681761, at *2 (E.D. Cal. Mar. 4, 2026) (similar where Petitioner was a lawful permanent resident). And, to the Court's knowledge, where courts have ordered the release of an individual subject to § 1226(c), it was because the Government had *previously* arrested the individual under § 1226(c) and then elected to release him. *See Prior v. Andrews*, No. 1:25-CV-01131-JLT-EPG (HC), 2026 WL 698801, at *2–3 (E.D. Cal. Mar. 12, 2026) (explaining that

where an individual is detained under 8 U.S.C. § 1226(c), and has not previously been detained and release pursuant to the triggering offense, the proper remedy is a constitutionally adequate bond hearing). Here, as Petitioner's conviction was still in place when he was detained by DHS, and he was charged as inadmissible due to that conviction, there is no basis in the record for the Court to find that Petitioner is entitled to a pre-deprivation hearing. The question then is whether Petitioner's four-month detention has become unconstitutionally prolonged, thus, entitling him to a custody hearing.

Neither party has briefed that issue here, nor has Petitioner brought a claim for unconstitutionally prolonged detention. Indeed, Petitioner only argues that he was entitled to pre-deprivation process on the grounds that he is a lawful permanent resident and that § 1226(c) cannot serve as a lawful basis for detention. Given that Petitioner has not brought a prolonged detention claim here, the Court need not address whether Petitioner is entitled to a bond hearing after his four months of detention.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Amended Petition for Writ of Habeas Corpus is dismissed without prejudice so that Petitioner may seek a *Joseph* hearing before the Immigration Court. The Court notes that this Order in no way prohibits Petitioner from filing a renewed habeas petition in the event that he (1) continues to be detained following a ruling by the Immigration Court that he is not subject to mandatory detention under § 1226(c), or (2) his detention becomes unconstitutionally prolonged.

The Clerk of Court is directed to close this case. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 18, 2026

EDWARD J. DAVILA
United States District Judge